UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| OLD EUROPE CHEESE, INC., | ) |
| Plaintiff, | ) Case No. 1:04-cv-320 |
| v. | ) Honorable Joseph G. Scoville |
| GREEN AVENUE, INC., et al., | ) **MEMORANDUM OPINION** |
| Defendants. | ) |

This civil action began with the filing of a complaint in the Berrien County Trial Court seeking recovery for damage allegedly caused to plaintiff's food products while transported by defendants. Plaintiff has identified itself and defendant Green Avenue, Inc. as Michigan corporations; defendants Richwell Enterprises and Continental Meat, Inc. are identified as foreign corporations. Hence, complete diversity of citizenship does not exist in this case. The original complaint, filed on October 1, 2003, in the state trial court, alleged only state-law causes of action. On April 26, 2004, plaintiff filed a first amended complaint asserting for the first time a federal claim arising under the Carmack Amendment, 49 U.S.C. § 14706. On May 13, 2004, *plaintiff* filed a notice of removal to this court, in which plaintiff alleged that this action fell within the court's original jurisdiction under the Carmack Amendment and is one which may be removed to this court by plaintiff pursuant to the provisions of 28 U.S.C. § 1441(a).

This matter is now before the court on the motion of defendant Green Avenue, Inc. to remand, filed pursuant to 28 U.S.C. § 1447(c) for lack of subject-matter jurisdiction. Defendants'

motion asserts that removal under 28 U.S.C. § 1446(a) is a privilege afforded only to defendants and that plaintiff's removal was therefore contrary to law. Plaintiff opposes the motion, arguing that plaintiff's filing of a first amended complaint arising solely under federal law somehow entitled plaintiff to remove the action to federal court. By consent filed August 3, 2005, the parties stipulated to the dispositive jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Consent and Order of Reference, docket # 30). For the reasons set forth below, the court concludes that this matter was removed improperly and must be remanded to the state circuit court.

## Discussion

The right to remove a civil action from state to federal court is governed completely by statute. 28 U.S.C. § 1446(a) sets forth the procedure for removal, limiting the right to removal to "defendants":

> (a)   A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). On the basis of this clear statutory language, the federal courts unanimously hold that the statute authorizes removal only by state-court defendants. *See, e.g., Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 579-580 (1954). Consequently, it is black-letter law that a plaintiff cannot remove. *See* 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER: FEDERAL PRACTICE & PROCEDURE § 3731 at 253 (3d ed. 1998).

-2-

When faced with defendants' motion for remand, plaintiff bore the burden of establishing its right to remove. *See Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). Plaintiff has failed to do so. Plaintiff's only response is to point out that its original complaint asserted only state-law claims and that the Carmack Amendment claim was asserted in a first amended complaint. Plaintiff does not attempt to explain why this fact renders the case removable, nor does plaintiff cite a single authority allowing a plaintiff to remove by the mere expedient of raising a federal claim in an amended complaint. The simple fact is that the language of the statute, 28 U.S.C. § 1446(a), allows removal only by defendants. Plaintiff has cited no authority that would allow this court to ignore the words of the statute or to manufacture an exception to cover the facts of this case.

Plaintiff chose to initiate this action in the state circuit court. After defendants moved for summary judgment, plaintiff chose to file a first amended complaint asserting for the first time a claim under the federal Carmack Amendment. That statute explicitly empowers a plaintiff to bring a civil action either in a federal district court "or in a State court." 49 U.S.C. § 14706(d). The claim asserted in the first amended complaint was therefore within the Berrien County Circuit Court's subject-matter jurisdiction, and assertion of that claim did not empower plaintiff to remove the case to federal court.

**<u>Conclusion</u>**

This court finds that this action was removed improvidently and without jurisdiction.

The motion of defendant Green Avenue, Inc. to remand (docket # 27) will therefore be granted.


Dated:   September 12, 2005             /s/  Joseph G. Scoville
                                        United States Magistrate Judge